# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| DANIEL BRESKO, Individually and for Others Similarly Situated, | **CASE NO. 5:19-cv-427** |
| v. | JURY TRIAL DEMANDED |
| MERCHCO SERVICES, INC. | |

## COMPLAINT

### SUMMARY

1.       Merchco Services, Inc. provides "retail installation solutions" across "the continental United States, Puerto Rico, Alaska and Hawaii."

2.       To provide its services, Merchco employs carpenters, merchandisers, installers, and project leads.

3.       Until recently, Merchco paid employees in these positions on day-rate basis.

4.       And although they regularly worked more than 40 hours a week, Merchco did not pay them overtime.

5.       Instead, Merchco simply paid them a flat amount for each day worked.

6.       Merchco's day-rate pay plan violates the Fair Labor Standards Act (FLSA). *See* 29 C.F.R. §778.112 (explaining how to pay overtime to day-rate employees).

7.       As a result, Daniel Bresko and those workers similarly situated to him are owed unpaid overtime wages and other damages.

### JURISDICTION & VENUE

8.       This Court has federal question subject matter jurisdiction. *See* 28 U.S.C. § 1331 & 29 U.S.C. § 216(b).

9.      Venue is proper because Merchco is headquartered in this District and Division.

10.     Further, a substantial part of the events alleged herein occurred in this District and Division. *See* 28 U.S.C. §§ 1391(b) & (c).

## PARTIES

11.     Bresko was a carpenter employed by Merchco from 2012 until early 2019.

12.     Bresko's written consent to this action is attached.

13.     Bresko brings this action on behalf of himself and all other similarly situated employees who were paid on Merchco's day-rate pay plan (the "Day Rate Workers").

14.     Merchco paid its Day Rate Workers a flat amount for each day worked with no overtime premium for hours worked in excess of 40 in a workweek.

15.     Merchco is a corporation that employed Bresko and the other Day Rate Workers.

## FACTS

16.     Merchco provides "retail installation solutions" across "the continental United States, Puerto Rico, Alaska and Hawaii."[1]

17.     In each of the past 3 years, Merchco's gross revenues have exceeded $5 million.

18.     It has a "base of full-time employees located in 38 states[.]"[2]

19.     Its employees routinely handle materials (e.g., tools) produced for commerce.

20.     Since "virtually every enterprise in the nation doing the requisite dollar volume of business is covered by the FLSA[,]" *Dunlop v. Industrial America Corp.*, 516 F.2d 498, 501–02 (5th Cir.1975), it would be silly for an employer with multi-state operations like Merchco to waste this Court's time arguing it is not a covered enterprise under the FLSA.

---

[1] https://merchcoservices.com/about-us/coverage/
[2] *Id.*

21.     To provide its services, Merchco employs carpenters, merchandisers, installers, and project leads.[3]

22.     Until recently, Merchco paid these workers on day-rate basis.

23.     For example, Merchco employed Bresko (a Day Rate Worker) as a carpenter from approximately September 2012 to January 2019.

24.     Bresko's job duties included installing wall systems, counters, and display cases, as well as performing custom millwork.

25.     Bresko provided these services in multiple states across the nation.

26.     Merchco paid Bresko under its day-rate pay plan.

27.     By late 2018, Bresko's day rate was $300 a day.

28.     In the two-week period ending September 22, 2018, Bresko worked 102 hours over 11 days.

29.     Merchco paid Bresko a total of $3,300.

30.     This is equal to 11 days times Bresko's day rate of $300 a day.

31.     But Merchco dressed up its paystubs to suggest Bresko was being paid an "hourly rate" plus "overtime" with a "bonus."

32.     But the "bonus" varied so Bresko always earned the same "day rate" for each day that he worked.

33.     For example, Bresko's pay for the two-week period ending September 22, 2018 stated he was paid 76 hours at an "hourly" rate of $27.27, plus 26 hours at an "overtime" rate of $40.91, plus $163.82 in "bonus."

---

[3] https://workatmerchco.com/

3

34.     This, of course, totals $3,300 (exactly what you would expect given that he worked 11 days at a day-rate of $300).

35.     Bresko's pay always reflected the number of days that he worked times his day-rate.

36.     Merchco paid Bresko this way until the end of 2018.

37.     Merchco's efforts to conceal the way it was paying its employees reflects its knowledge of the FLSA's overtime requirements and a conscious effort to evade those requirements.

38.     Merchco knew, or showed reckless disregard for whether, its day-rate pay policy violated the FLSA.

### COLLECTIVE ALLEGATIONS

39.     Merchco treated all Day Rate Workers as W-2 employees.

40.     Merchco paid all Day Rate Workers according to the same day-rate plan.

41.     Merchco's policy of paying the Day Rate Workers a day rate, with no overtime pay, violates the FLSA. *See* 29 C.F.R. § 778.112 (explaining how overtime is to be paid to day-rate employees).

42.     Merchco's day-rate plan affects the Day Rate Workers in a similar manner because they are each owed overtime pay for the same reason.

43.     Bresko and the other Day Rate Workers are similarly situated for the purposes of their overtime claims.

44.     The collective action class is, therefore, properly defined as:

**All Day Rate Workers employed by Merchco in the past 3 years.**

### FIRST CAUSE OF ACTION – VIOLATION OF THE FLSA

45.     By failing to pay Bresko and the other Day Rate Workers overtime at one-and-one-half times their regular rates, Merchco violated the FLSA's overtime provisions.

46.     Merchco owes Bresko and the other Day Rate Workers the difference between the rate actually paid and the proper overtime rate.

47.     Because Merchco knew, or showed reckless disregard for whether, its pay practice violated the FLSA, it owes these wages for at least the past three years.

48.     Merchco also owes Bresko and the other Day Rate Workers an amount equal to the unpaid overtime wages as liquidated damages.

49.     Bresko and the other Day Rate Workers are entitled to recover all reasonable attorneys' fees, costs, and expenses incurred in this action.

## JURY DEMAND

50.     Bresko demands a trial by jury.

## PRAYER

Wherefore, Bresko prays for relief as follows:

1.     An order allowing this action to proceed as a representative collective action under the FLSA;

2.      Judgment awarding Bresko and the other Day Rate Workers all unpaid overtime compensation, liquidated damages, attorneys' fees, costs, and expenses under the FLSA;

3.     A service award for Bresko as permitted by law;

4.     Pre- and post-judgment interest at the highest rate allowable by law; and

5.     All such other and further relief to which Bresko and the other Day Rate Workers may show themselves to be justly entitled.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

**/s/ Rex Burch**

By: _____

       Richard J. (Rex) Burch
       Texas Bar No. 24001807
       David I. Moulton
       Texas Bar No. 24051093
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone: (713) 877-8788
Telecopier: (713) 877-8065
rburch@brucknerburch.com
dmoulton@brucknerburch.com

Michael A. Josephson
Federal ID No. 27157
Texas Bar No. 24014780
mjosephson@mybackwages.com
**JOSEPHSON DUNLAP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile

6

DocuSign Envelope ID: 4FD9668E-AA91-473B-B34B-443A0640E007

## CONSENT TO JOIN WAGE CLAIM

Print Name:   Daniel Bresko
_____

1.  I hereby consent to participate in a collective action lawsuit against **Merchco Services, Inc.** (and its related entities) to pursue my claims of unpaid overtime during the time that I worked with the company.

2.  I understand that this lawsuit is brought under the Fair Labor Standards Act, and consent to be bound by the Court's decision.

3.  I designate the law firm and attorneys at BRUCKNER BURCH PLLC as my attorneys to prosecute my wage claims.

4.  I authorize the law firm and attorneys at BRUCKNER BURCH PLLC to use this consent to file my claim in a separate lawsuit, class/collective action, or arbitration against the company.

DocuSigned by:

Signature: DB
457D6CC5E9774DD...

Date Signed: 4/18/2019